IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| *In re* Subpoenas to Nationwide Children's Hospital, Inc. and The Research Institute at Nationwide Children's Hospital, Inc. | Case No. 2:22-mc-00030 |

I, Sri K. Sankaran, hereby declare as follows:

1. I am a partner with the law firm of Padmanabhan & Dawson, PLLC, counsel to Wilson Wolf Manufacturing Corporation ("Wilson Wolf") and John R. Wilson (collectively, "Wilson"). I provide this declaration based on my own personal knowledge, under oath, in support of Wilson's motion to compel Nationwide Children's Hospital, Inc. and The Research Institute at Nationwide Children's Hospital, Inc. (collectively, "Nationwide") to comply with Wilson's subpoenas issued in *Corning Inc. v. Wilson Wolf Manufacturing Corp. et al.*, Civil Action No. 20-700 (DWF/TNL) (D. Minn.).

2. Attached here to as **Exhibit 1** is a true and correct copy of Wilson Wolf's January 13, 2020, complaint for patent infringement against Nationwide Children's Hospital, Inc. and The Research Institute at Nationwide Children's Hospital, filed in this Court and currently stayed (the "Nationwide Ohio Action").

3. Attached here to as **Exhibit 2** is a true and correct copy of Wilson Wolf's December 20, 2019, complaint for patent infringement against Brammer Bio, Inc., which is pending in the United States District Court for the District of Delaware but currently stayed (hereinafter the "Brammer Delaware Action").

4. Attached here to as **Exhibit 3** is a true and correct copy of Wilson Wolf's December 20, 2019, complaint for patent infringement against Sarepta Therapeutics, Inc., which is pending in the United States District Court for the District of Delaware but currently stayed (the "Sarepta Delaware Action").

5. Attached here to as **Exhibit 4** is a true and correct copy of a complaint for declaratory judgment and other relief filed by Corning Incorporated ("Corning") on March 9, 2020, against Wilson in the United States District Court for the District of Minnesota (hereinafter, "Corning DJ Action").

6. Attached hereto as **Exhibit 5** is a true and correct copy of Nationwide's motion to stay the Nationwide Ohio Action, dated April 1, 2020.

7. Attached hereto as **Exhibit 6** is a true and correct copy of an order staying the Nationwide Ohio Action pending the outcome of the Corning DJ Action, dated December 15, 2020.

8. Attached hereto as **Exhibit 7** is a true and correct copy of an order staying the Brammer Delaware Action pending the outcome of the Corning DJ Action, dated December 8, 2020.

9. Attached hereto as **Exhibit 8** is a true and correct copy of an order staying the Sarepta Delaware Action pending the outcome of the Corning DJ Action, dated September 1, 2021.

10. Attached hereto as **Exhibit 9** is a true and correct copy of Corning's operative complaint in the Corning DJ Action, dated February 19, 2021.

11. Attached hereto as **Exhibit 10** (filed under seal) is a true and correct copy of Corning's Non-Infringement Contentions in the Corning DJ Action, dated March 15, 2021.

12. Attached hereto as **Exhibit 11** is a true and correct copy of a Notice of Subpoena and Subpoena to Nationwide Children's Hospital, Inc., dated December 30, 2020.

13. Attached hereto as **Exhibit 12** is a true and correct copy of a Notice of Subpoena and Subpoena to The Research Institute at Nationwide Children's Hospital, Inc., dated December 30, 2020.

14. Attached hereto as **Exhibit 13** is a true and correct copy of the objections of Nationwide Children's Hospital, Inc. and The Research Institute at Nationwide Children's Hospital, Inc. to Wilson's subpoenas, dated January 14, 2021.

15. Attached hereto as **Exhibit 14** is a true and correct copy of a letter from me to Nationwide's counsel regarding Nationwide's responses to Wilson's subpoenas, dated January 7, 2022.

16. Attached hereto as **Exhibit 15** (filed under seal) is a true and correct copy of a January 28, 2022, e-mail from Nationwide's counsel enclosing a document produced by

Nationwide in response to Wilson's subpoenas and a true and correct copy of the document produced.

17. Attached hereto as **Exhibit 16** is a true and correct copy of an email exchange between me and counsel for Nationwide, dated between January 28 and February 3, 2022.

18. During a March 3, 2022, meet and confer with Nationwide's counsel, I explained – like I had done previously in my February 2, 2022, email included in Exhibit 16 – that the single document Nationwide produced in response to Wilson's subpoenas included in Exhibit 15 was essentially useless. I also explained the relevance of Wilson's requests to the issues being litigated on Nationwide's behalf if the Corning DJ Action, as I had done in my January 14, 2022, letter included in Exhibit 14.

19. During the March 3, 2022, meet and confer, Nationwide's counsel acknowledged Wilson was seeking documents showing Nationwide's use of the Corning Products to determine whether Nationwide performs the claimed steps of Wilson's method patents at issue in the Corning DJ Action. He agreed to go back to his client "and tell them this is a legitimate request" and find out what else Nationwide would be willing to produce.

20. During the March 3, 2022, meet and confer, Nationwide's counsel also agreed to see whether Nationwide has a reasonable scope of documents relating to its decision to use the Corning Products over other cell culture products.

21. During the March 3, 2022, meet and confer, Nationwide's counsel also agreed to see whether Nationwide would be willing to provide the names of individuals who used the Corning HYPERStack product. I suggested that production of Nationwide's

batch records would be sufficient for these purposes based on my understanding that batch records are typically signed by the individuals who run each culture.

22. During the March 3, 2022, meet and confer, Nationwide's counsel also agreed to ask Nationwide whether it has received any revenue relating to the Corning Products, and if so, whether Nationwide would be willing to produce it.

23. During the March 3, 2022, meet and confer, Nationwide's counsel agreed to see whether Nationwide has any Nationwide press releases or white papers in response to Request Nos. 22 and 23 of Wilson's subpoenas.

24. During the March 3, 2022, meet and confer, Nationwide's counsel refused to produce any documents that Wilson could arguably obtain from Corning, such as payments to Corning or communications with Corning.

25. During the March 3, 2022, meet and confer, Nationwide's counsel also refused to produce any documents relevant to the Safe Harbor defense (including any regulatory filings) based on his understanding that Corning was seeking to dismiss the Safe Harbor defense from the DJ Action. I explained that although Corning had suggested dismissal of the Safe Harbor defense from the DJ Action, Wilson refused to stipulate to any such dismissal, and the Safe Harbor defense was still in the case. Corning since moved to dismiss the Safe Harbor defense, the hearing for which took place on May 2, 2022. Attached as **Exhibit 17** is a true and correct copy of the transcript of that hearing. To date, the court has not ruled on Corning's motion and fact discovery closes on August 17, 2022.

26. Attached hereto as **Exhibit 18** is a true and correct copy of an e-mail exchange between me and counsel for Nationwide, dated between January 28 and May 12,

- 6 -

2022. Since May 12, 2022, Nationwide has not produced any additional documents in response to Wilson's subpoenas or provided any follow-up information to the issues discussed during the March 3, 2022, meet and confer.

I declare under penalty of perjury that the foregoing is true and correct, and this declaration was executed this 27th day of June 2022 at Minneapolis, Minnesota.

                                  */s/ Sri K. Sankaran*
                                  Sri K. Sankaran